NATIONAL STATE BANK, complainant-respondent,

*v.*

GUSTAV SCHWARZHAUPT and DORA SCHWARZHAUPT, defendants-appellants.

[Submitted October term, 1935.   Decided January 31st, 1936.]

*Mr. Allan Benny (Mr. Andrew J. Markey,* of counsel), for the appellants.

*Messrs. Silber & Silber (Mr. Charles Silber,* of counsel), for the respondent.

PER CURIAM.

The appeal in this case is by the defendants from an order dismissing a rule to show cause why the bill in the case

should not be dismissed, and from the further order that the appellant Gustav Schwarzhaupt appear before a receiver to be examined in accordance with a prior order of the court.

The bank complainant obtained a judgment at law on a $500 note made by one John Sadimus and endorsed by Schwarzhaupt. Failing in its collection, it filed a bill against Schwarzhaupt and his wife in the nature of a discovery, alleging the existence of assets standing in the names of other persons. A receiver was appointed and examination of the parties ordered. It was in this situation that the appellants filed a petition to have the bill dismissed and all proceedings under it set aside, upon which a rule to show cause and temporary restraint were granted and later the order already appealed from entered.

Appellants contend that the complainant had an adequate remedy at law. We do not agree with this. The bill alleges a fraudulent transfer of property of the defendants which ordinarily cannot be reached by process in the law courts. The mere fact that execution did not issue against Sadimus, or even that discovery was sought in the law court as against Schwarzhaupt does not militate against the broader jurisdiction of chancery.

It is also urged that the money could be made out of Sadimus, and that the affidavits to that effect are not denied. Assuming this to be true the creditor may pursue anyone liable, and if it finds that one of the parties has fraudulently disposed of his property to avoid his creditors, it has a right to test that question in the proper tribunal.

The second point is that the bill prays answer without oath and cannot, therefore, be sustained as a bill for discovery. We think this is without merit.

The third point is that the subpœna was not issued in the name of the then clerk. There seems to have been a subpœna, regularly served. It was, however, issued in the name of Garretson, a former clerk, whereas Whelan was the actual clerk in office at the time. Any irregularity existing here was waived by the voluntary appearance of the appellant and his submission without objection to examination under the

order of July 27th, 1934, as appears by his petition filed July 25th, 1935.

The order appealed from is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ.   12

*For reversal*—None.